# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| SHARON ROGERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:14-cv-01935 |
| TARGET CORPORATION, | ) ) ) | JUDGE CRENSHAW |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Sharon Rogers filed this action in state court against Defendant Target Corporation ("Target") after she slipped and fell in a Target store in Madison, Tennessee. (Doc. No. 1-1.) She alleges premises liability for her injuries under Tennessee state law. (Id. at 4.) Target removed this action to federal court, pursuant to 28 U.S.C. § 1441(b), because the Court has diversity jurisdiction in this case, pursuant to 28 U.S.C. § 1332(a), and Target is not a citizen of Tennessee. (Doc. No. 1.) Before the Court is Target's motion for summary judgment. (Doc. No. 26.) For the following reasons, Target's motion is **DENIED**.

I. UNDISPUTED FACTS

On September 15, 2013, Rogers entered the Target store through the front door. (Doc. No. 35 at 2.) After getting a buggy, and while walking between the cash registers and the "little dollar section area" in the front of the store—about fifty feet total—Rogers slipped and fell. (Id. at 3-4.) When she stood up, Rogers had "sticky stuff" on her legs. (Id. at 3-4.)

Rogers was not watching the floor when she fell, nor did she not see any substance on the floor before she fell. (Id. at 5-7.) After she fell, she saw a puddle of liquid on the floor with "some sort of tint" to it. (Id. at 5-6.) Rogers testified that she believed that the size of the liquid on the

floor was between the size of a salad plate and a dinner plate. (Id. at 6.) However, Rogers argues that the video of the incident shows that the puddle was larger, as it appears to have taken three Target employees almost nine minutes to clean. (Id.) Rogers did not know how long the puddle had been there, nor whether Target knew about the puddle. (Id. at 7.) Rogers testified that she did not know whether any Target employees were in the area of the cash registers where they could have seen the puddle before she fell. (Id.) However, Rogers argues that the video shows that the puddle may have been there for approximately nineteen minutes and ten associates had been in the area during that time. (Id. at 7-8.)

## II. STANDARD OF REVIEW

In reviewing a motion for summary judgment, this Court will only consider the narrow question of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A motion for summary judgment requires that the Court view the "inferences to be drawn from the underlying facts . . . in light most favorable to the party opposing the motion." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). The opponent, however, has the burden of showing that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial'" Matsushita, 475 U.S. at 587. "The mere existence of a scintilla of evidence in support of plaintiff's position, however, will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986). If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson, 477 U.S. at 479-52. "A genuine dispute between the parties on an issue of

material fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

III.  ANALYSIS

Target argues that it is entitled to summary judgment in this case because it did not have actual or constructive notice of the spill. (Doc. No. 27 at 7.) Rogers argues that, taking the facts in light most favorable to her, Target had both actual and constructive knowledge of the spill. (Doc. No. 34 at 16.)

The plaintiff in a premises liability case must demonstrate that the defendant created a hazardous condition causing injury, or had actual or constructive notice thereof. Beske v. Opryland USA, Inc., 923 S.W.2d 544, 545-46 (Tenn. Ct. App. 1996). "Constructive notice may be shown by the existence of the hazard for such time or under such circumstances that reasonable care on the part of defendant would have revealed the hazard to defendant." Id. at 546. Whether reasonable care on the part of defendant would have revealed the hazard to defendant generally is a question of fact for the jury. Id.

There is no need for the Court to depart from the general rule that a jury should determine whether Target had actual or constructive notice of the spill. Although the Court cannot verify many of the arguments regarding the video that Roger's counsel makes, after watching the video, a reasonable jury could find that the spill was much larger than a "salad plate." Additionally, as the spill appears to be somewhere between the cash register and the customer service desk, a jury could find that had Target's employees exercised reasonable care, they would have discovered the spill before Rogers fell. Because there are disputes of material facts in this case, the Court denies summary judgment on this element. As Target only argues for summary judgment on this element, the Court denies summary judgment on Rogers's premises liability claim.

IV. CONCLUSION

For the foregoing reasons, Target's motion for summary judgment (Doc. No. 26) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE